# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2195

_____

United States of America

*Plaintiff - Appellee*

v.

David Torgerson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: April 13, 2026
Filed: June 9, 2026
[Unpublished]

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

David Torgerson argues that the drug-user-in-possession statute, *see* 18 U.S.C. § 922(g)(3), facially violates the Second Amendment. Circuit precedent, however, forecloses the argument. *See Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

Under federal law, drug users like Torgerson cannot have firearms. *See* 18 U.S.C. § 922(g)(3) (disarming those who are "unlawful user[s] of or addicted to any controlled substance"). A recent case confirmed that the statute criminalizing it is constitutional on its face. *See United States v. Veasley*, 98 F.4th 906, 909, 916 (8th Cir. 2024); *see also United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010). To the extent Torgerson disagrees, his remedy lies with the en banc court, not with us. *See Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.*, 4 F.3d 567, 571 (8th Cir. 1993) ("In this circuit only an en banc court may overrule a panel decision . . . ."). We accordingly affirm the judgment of the district court.[1]

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.